16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert BIDDINGS, Petitioner-Appellant,
v.
Anthony BRIGANO, Respondent-Appellee.
 No. 93-3807.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1994.
 
 Before: KEITH, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Robert Biddings, an Ohio state prisoner proceeding without benefit of counsel, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Biddings also moves for the appointment of counsel and for pauper status. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Biddings was the subject of three indictments charging him with one hundred and twenty-three counts of kidnapping, rape and aggravated robbery. Biddings went to trial on fifty-seven of the one hundred and twenty-three counts. The trial court dismissed two of the counts. The jury found Biddings guilty on forty counts, not guilty on ten counts, and could not reach a verdict on the remaining five counts.
 
 
 3
 At the sentencing hearing, the parties entered a plea agreement in which Biddings agreed to plead guilty to the forty counts on which he had been found guilty, the five counts on which the jury had been unable to reach a verdict, and the remaining sixty-six counts that had not yet been tried. The state agreed to dismiss the firearm specifications in each of the sixty-six untried counts. Biddings and his attorneys signed plea agreements for all three indictments.
 
 
 4
 Thereafter, the trial court discovered that the written plea agreements did not recite the potential sentences for each offense to which Biddings had pled guilty. The court sua sponte convened a hearing to address the omission. At the hearing, Biddings advised the trial court of his intention to withdraw his guilty plea. Three days later, Biddings filed a motion to withdraw his guilty plea. His motion was denied and he was sentenced. Biddings' convictions were affirmed on appeal as was the trial court's ruling on Biddings' motion to withdraw the guilty plea.
 
 
 5
 In his petition for habeas relief, Biddings asserted seven allegations of error. The district court held that Biddings waived one of his claimed grounds for relief and that the remaining claims were without merit. On appeal, Biddings reasserts five of his seven allegations of error. They are:
 
 
 6
 1) the trial court erroneously overruled petitioner's motion to withdraw his guilty plea;
 
 
 7
 2) the guilty plea proceedings did not comply with Ohio Crim.R. 11;
 
 
 8
 3) the trial court erroneously overruled the petitioner's motion for a change of venue;
 
 
 9
 4) the trial court erroneously overruled petitioner's motion to suppress evidence of identification; and
 
 
 10
 5) the evidence is insufficient to prove the weapon used by petitioner met the statutory definition of a firearm.
 
 
 11
 Upon review, we find no error. Biddings filed a motion to withdraw his guilty plea on the ground that he was not informed of the maximum possible sentence on each count. However, the record reflects Biddings' full understanding of the direct consequences of a guilty plea; thus, his plea represents a voluntary and intelligent choice among the alternatives. See North Carolina v. Alford, 400 U.S. 25, 31 (1970). Accordingly, the district court properly held that no constitutional violation occurred here.
 
 
 12
 Second, Biddings alleged that the trial court did not comply with Rule 11 of the Ohio Rules of Criminal Procedure in accepting his pleas. This allegation is meritless. An allegation of non-compliance with a state rule of procedure fails to state a federal claim. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Moreover, Biddings ignores the fact that the Ohio Court of Appeals, in two separate actions, concluded that the trial court substantially complied with Rule 11. The federal courts are bound by decisions of an intermediate state appellate court unless convinced that the highest state court would decide the issue differently. Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988).
 
 
 13
 Biddings' remaining allegations of error are equally meritless for the reasons set forth in the district court's opinion and order filed July 14, 1993. Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. The motion for the appointment of counsel is denied. Because Biddings was granted pauper status in the district court, the motion for pauper status is denied as moot.